Tilghman C. J.
The proceedings in this case have heen brought before us by certiorari, and several exceptions have been taken to the order made by the Mayor’s Court.
1. First it is said, that the court was bound to confirm the order of the aldermen, or quash 'it, in toto, and could not confirm in part, and quash in part. But there is nothing in this objection. The cases cited prove it to be the daily practice to confirm in part, and quash in part; and it is a very convenient practice, as it saves the delay and expense of new proceedings.
2. The second exception is, that the Mayor’s Court had no right to make an original order. But it is denied that *389 they have made an original order. To decide whether they have, we must examine both orders. By the order of the aldermen, the mother and her three children were removed from Philadelphia to Bucks, on the ground of their all having a settlement there. The Mayor’s Court were of opinion, that the mother, and only one child, had a settlement in Bucks; they therefore confirmed the order as to them. As to the other two children, their opinion was, that being under the age of seven years, they ought to be sent with their mother for nurture only. They therefore confirmed the order of the aldermen, so far as it respected the removal of those two children to Bucks for nurture, and quashed it so far as it related to their settlement. How then can this order of the Mayor’s Court be said to be original ? It was made in a case brought before them by appeal, nor was the right of any third person affected. Philadelphia and Bucks were the only parties, on whom either of the orders operated; and all the persons removed by the aldermen, were removed also by the Mayor’s Court. The only difference between the two orders is, that by the latter (that of the Mayor’s Court) two children are to be supported for a shorter period. I cannot think the case falls within the meaning of that principle, which forbids the Mayor’s Court to make an original order. It was in truth, but a modifying of the order of the alderman. It only lessened the time for which the two children were to be supported, at the expense of Bucks county. It was in substance, what the court called it, a confirmation in part, and a quashing in part, of the order of the alderman.
3. The third exception is, to the removal of these children for nurture, who were not settled in Bucks. From the nature of the case, this removal was proper. The law is too humane to separate children of such tender age from their mother. To tear them asunder would be to violate the law of nature, to which all human laws should be subservient. And it would be a violation to no purpose, because, although the children are to be nurtured in the same place with their mother, 'yet the expense of that maintenance, is to be borne by the county which ought to bear it j in the present case, for instance, by the city of Philadelphia, from which the children were removed to Bucks; not because Bucks was bound to maintain them, but because it was improper to separate them from their mother. These principles are recognised in the *390 case of Traford v. Brandan, Carth. 449, reported also in Salk. 482, as an anonymous case. It was objected further, that the order of the Mayor’s Court should have specified the age to which these young children should be supported in Bucks, and that the general expression for nurture, was vague and indeterminate. The answer is, that the law having fixed seven years lor the age at which nurture ceases, a removal for nurture, is tantamount to a removal till the age of seven years.
4. The fourth exception is, that the Mayor’s Court should have ordered'the guardians of the poor of the city of Philadelphia, to give security to the directors of Bucks, to indemnify them for the maintenance of the children removed for nurture. If Bucks county had no remedy without such an order, the exception would be good.; but I do not-take that to be the case. I understand that the guardians of the poor of Philadelphia are willing to give the indemnification, and if they refuse, they may be compelled to it.
5. It is objected in the last place, that the Mayor’s Court should have given costs to Bucks county. The act of assembly (29th March, 1803, s. 22. 4th Sm. L. 60,) directs,, that costs shall be awarded to the party,.in whose behalfjthe"cc ap- “ peal was determined.” Now, in whose behalf was this appeal determined? Of neither .party; each was victor.in part, and in part vanquished. Under these circumstances .the court left each to pay his own costs. I think they were right,- because the case does not come, within the provision of the' law. Upon .the whole, I am of opinion, that the order of the Mayor’s Court should be confirmed.
Yeates J.
The decision of the--Mayor’s Court-, in this case, upon the appeal, appears to me to be perfectly correct.
It seems well settled, that the members of the same family may be removed by one order; and that although different parts of it may have different settlements, it may be so done. Where such instances occur, it is daily practice in England., to affirm the order in part, and quash it as to the remainder. 2 Nolan's Poor Laws, 68, and note 3. The practice is attended with many conveniences. It prevents a multiplicity of removals, saves expense, and manifestly tends to the relief and ease of the poor. The separation of children, within the age of nurture, from the mother, would be a plain violation *391 of the rights of nature ; and hence it is, that if the mother be settled in a different parish, or township, from her child, and reside there, the place in which the infant is settled, must maintain it during such residence with the mother; and the law is the same, whether the child be legitimate or illegitimate. 2 Nol. 68, and the authorities cited in the note.
I do not view the decision, on the appeal, as an original order. The Mayor’s Court affirm the order of removal of the two aldermen, in every particular, except as to the place of settlement of Robert and Jane: But.they, being within the age of nurture, must necessarily have gone with their mother, or be maintained during their residence with their mother, by the township wherein they were last legally settled. The city guardians have offered to indemnify the appellants against any expenses which may be incurred for the maintenance of these infants, while within the age of nurture, and continuing with their mother. Had they made no such offer, I should presume they would be responsible in their political capacity, as they were bound to support the order made on their own application.
This does not appear to be such a case as imperiously called on the Mayor’s Court to award costs to the appellants, under our act of assembly. The removal of the mother and her three children, to Bucks county, was legal and proper. I forbear giving any opinion, whether, if the appeal had been special, as to the place of last legal settlement of Robert and Jane, Bubks county would not be entitled to costs.
Upon the whole, I am of opinion, that the order of the Mayor’s Court be affirmed.
Brackenridge J. concurred.
Proceedings affirmed.