JUDGE GREEN.
March 22.
The decree, appealed from in this case, was in part personal against the appellant, for the amount of rents of land, and hire of slaves, received by himself, since the death of his testator, and which land and slaves were held by his testator in his lifetime, by colour of a deed *and will, which were set aside on the ground of fraud, in procuring them; and as to' so much of the decree, the appellant has given bond and security upon the appeal. The residue of the decree, was for the amount of the rents and hires of the said slaves, and the price of personal property, embraced in the said deed and will, received by the appellant’s testator; and as to that subject, the appellant was decreed to pay out of his own estate, because upon making up an account of his administration, it was found that he had assets of his testator, sufficient for that purpose.
The appellees now move, that the appellant be ruled to give an appeal bond with security, as to so much of the decree as is founded on the liability of his testator.
It was said by the court in Sadler, &c. v. Green, (a) that “executors and administrators, are not bound to give security on an appeal, because they give it when they undertake the administration of the estate;” and in Wilson v. Wilson’s administrator, (b) the same rule, in general terms, was laid down, excepting the case of a judgment for a devastavit; and for this further reason, that such, bond and security by the executor, would make the debt his own, though he may not have done any thing improper, and was only seeking to do justice to the testator’s estate. The same rule in substance, was asserted in Duncan v. Robins, (c) Another reason might have been added, that to require bond with security by executors, upon appeals from judgments or decrees, founded upon a demand against the testator, would frequently prevent an executor from seeking relief against an erroneous judgment or decree, which, however ruinous to his testator’s estate, might not affect his individual interests. It is, therefore, that the court has decided, that the statutes requiring bond and security upon appeals, &c. although general in terms, apply only to persons appealing, &c. in *their own right. A judgment for a devastavit is against the executor in his own right, and for his personal wrong, and does not involve any question touching the rights of the testator, or of his estate, and therefore, on an appeal, security should be given. A decree against an executor, bottomed on a claim against his testator’s estate, although it directs the payment de bonis propriis of the executor in consequence of sufficient assets in his hands to be administered, still affects the testator’s estate. And for such a decree, the securities for the executor’s administration are responsible. He .should not, therefore, in such case, be required to give bond and security upon an appeal.
JUDGES COAETER and CABEEE, concurred.
JUDGE BROOKE dissented, and delivered the following opinion.
JUDGE BROOKE.
I am not satisfied, by the reasons assigned in the opinion just delivered, that the record exhibits a case in which the rule, so long established by this court, ought to be departed from. That rule required security in all cases in which the judgment or decree against an executor or administrator is personal, as in the present case; and on good reason. Every judgment or decree against an executor or administrator de bonis propriis, implies a mal- administration of the assets, until the contrary appears. It is personal to the party, and it becomes his interest to reverse it. It might happen, that in the case of a judgment for a devastavit, there were ■ still assets to discharge it, yet security on the appeal would be required. So in the case before the court. But, the judgment in one case, and the decree in the other, implies the contrary; and general rules are *159 made for cases which most frequently ^happen. While, on the one hand, the oath of the executor or administrator is some security that he will appeal in any case in which the interest of the estate is involved, though required to give security; on the other, if it be entirely dispensed with, he may frequently appeal, to the injury of his sureties in the bond for his administration, and to the great delay of just creditors.
I am, therefore, of opinion, that security ought to be required in this cause; but, as there is a majority of the court of a different opinion, the motion is overruled.

 1 H. & M. 26.

 1 H. & M. 16.

 2 Munf. 341.