Judge Caiiell,
delivered the opinion of the Court. *
This suit was prosecuted by the legatees of Samuel Por - ter, against Jesse Withers and Samuel Porter, executors of S. Porter, deceased, for the recovery of their respective legacies. Decrees were rendered against both executors severally; and at the time of rendering the decree, Jesse Withers appealed, and the appeal was allowed without security, because he was an executor. Afterwards, S. Porter, the other executor, was allowed an appeal by this Court, upon condition of giving bond and security in double the amount of the decree against hint,. The appellees *480 now move that Jesse Withers shall.be ruled to give bond and security also..
The condition upon which Samuel Porter was allowed an appeal, seems to have determined that the other exeeutor could not appeal without security. In the case of Sherman v. Christian, 1 Rand. 393, this subject was examined, and an appeal allowed to an executor, without security, as to so much of the decree as was founded on a claim against his testator, although the decree was personal as to the executor, in respect to the assets in his hands. The reasons upon which that decision went, do not apply to the case of legatees or distributees suing an executor for their proportions of the estate. In such case, there is no demand asserted against the testator; nor is his estate at all affected by the decree. It is founded wholly on the personal responsibility of the executor, for the assets in his hands; and is like the case of a judgment against an executor for a* devastavit, in which the executor is bound to give security on an appeal. Wilson v. Wilson’s adm’r. 1 H. & M. 16.
The security asked for, should be required in this case.

 The President, absent.