Carr, J.
We are to say, whether the circuit court erred, either in dismissing the appeal allowed by the county court, or in refusing the supersedeas asked for? As to the first, I think there was no error. The law is general and positive, that before granting an appeal the party praying it shall give bond and security &c. Nor is it in contravention of this law, that executors or administrators, against whom there is a judgment, are permitted to appeal without giving bond. This is allowed, because they have already given a general bond with security, which will cover the appeal: but tins exception extends only to those cases which will be covered by the general bond; and the case before us is clearly not of that class. With respect to the motion for the *303 supersedeas, it will be observed, that it was made after the dismissal of the appeal, and before any appeal was taken from that order. We see no petition, nor certiñcate of counsel, which the statute requires. But these, I presume, were waived by the court, as the motion was in open court, and on hearing of counsel on both sides. Such hearing would certainly put the court as iuliy in possession of the grounds on which the motion rested, and the opinion of counsel, as a petition and certificate. And the question is, ought the court to have granted the supersedeas? In other words, had the county court erred in its judgment? It is most clear, that it had: it had given a personal judgment against a defendant, who was declared against as executor, and had pleaded as executor; the sole issue being whether his testator had assumed. This was palpably erroneous, mischievous and oppressive. ' Upon this ground, then, I am for reversing the judgment of the circuit court, and sending the cause back, with directions to that court to award a supersedeas.
With respect to the plea of never executor in Virginia, I incline to think the county court ought to have received it, as it was offered (though late) after a, continuance of the cause had been ordered, and could not therefore cause delay; but I wish it distinctly understood, that I mean to give no opinion as to the soundness, propriety, or eifect of that plea. This question would properly have arisen after the plea was in court.
Cabell, J.
The judgment of the county court was unquestionably erroneous, in being against the executor personally; and it was consequently erroneous in the circuit court to refuse a supersedeas. On this ground, without deciding the other interesting questions raised in the argument, I am of opinion that the judgment of the circuit court should be reversed, and a supersedeas to the judgment of the county court directed.
*304 Brooke, J. concurred.
Tucker, P.
The supersedeas allowed by this court, in this case, was allowed without security being requii-ed tor its prosecution; and it is contended by the counsel for the appellee, that it should be dismissed as improvidently awarded for want of such requisition. I do not think so. Whether security should have been required or not, it is now too late to make the objection. The appeal has been depending for more than six years. It was allowed by the couzt, the question as to security being distinctly presented, and the court being of opinion, that it should be dispensed with. Had the appellee chosen to question this opinion, he shozzld have done so at an early day, whezi a rule might have been made upon the party to give the requisite security, if directed by the court. To dismiss the supersedeas now, as irregular, would be grossly injurious to the party, as the lapse of time would prevent the allowance of another supersedeas. Pursuing the principles, which seem to have governed this court in Jackson's adm’x v. Henderson, 3 Leigh 196. Syme v. Johnston, 3 Call 523. and Brown v. Matthews, 1 Rand. 462.1 am of opinion, that this supersedeas should not be dismissed.
The judgment of the circuit court to which the supersedeas was granted by this court, is an order of the circuit court, dismissing an appeal allowed by the county court, alleged to be irregular, because an appeal bond with surety was not required according to law, for its prosecution. The suit was- instituted against the appellant as executor of Pugh, and of course the judgmezit ought to have beezi against him, in his executorial, not in his individual, character; but it was rendered not against the estate of Pugh, but against the executor, personally: and the question is, whether in appealing from this judgment, the appellant ought to have been held to security ? The statute, 1 Rev. Code, ch. 69. *305 § 59. p. 239. provides, that “ before granting any appeal, the party praying the same, shall enter into bond with sufficient security, in a penalty to be fixed by the court or judge granting the same, with condition to pay the amount of the recovery, and all costs and damages awarded in case the judgment be affirmed.” Here, then, is an express legislative enactment, which requires security. We cannot dispense with the law. Is there an established and legitimate exception to the rule? There is one, and only one. It is the case of executors or administrators, who are not bound to give security on an appeal, because they give it when they undertake the administration of the estate of their testator or intestate. Sadler’s ex’ors v. Green, 1 Hen. & Munf. 26. The exception has been established and allowed, because, in these cases, the appellees already have the security contemplated by the law. The courts have not undertaken to dispense with the law, which no court has power to do ; but they have very fairly considered the object of the statute attained in those cases where executors or administrators are appellants, because their sureties are responsible for the recovery. But where that is not the case, where the sureties in the executor’s bond are not responsible, where the judgment is such that in case of the insolvency of the executor it cannot be enforced against his sureties, the party appealing must give an appeal bond, or the statute will be broken, both in its spirit and its letter. Hence, where a judgment is against the executor personally, he must in all cases, I conceive, give security upon an appeal; and .even where that judgment is erroneously so given, the consequence is still the same. For, however gross the error of the inferiour court, in any case, the party grieved must yet submit to it, unless he can and will give security on an appeal: and if the judgment is against him personally, whether rightfully or not, the sureties in the administration bond cannot be charged with the debt. *306 Thus, in the case before us, the judgment is rendered not against the estate of Pugh, as it ought to have been, but it is against the executor himself. But an action of devastavit will not lie against the executor until there has been a previous judgment against the estate itself; 1 Wms. Saund.219. a. note 8. Carter 2. 1 Vent. 321. 3 Chitty’s Plead. 254. in note. And an action on the executor’s bond will not lie, until there has been either a judgment in devastavit, or a fieri facias de bonis testatoris returned no effects, which fi. fa. could never have issued in this case. Hence, it is obvious, that for this judgment, the sureties of the executor never can be responsible: and therefore, the appeal is without the security expressly required by the statute, and also without that substitute for it which the courts have recognized in the executor’s bond. It cannot therefore have been regular or legal, and was properly dismissed. It was said, that where the demand is against the testator’s estate, the executor is not bound to give an appeal bond with surety, although the judgment is rendered against the executor de bonis propriis; and .that, were it otherwise, executors would be prevented from seeking relief against erroneous judgments, however ruinous to their testator’s estates. It cannot be denied, that this consideration has been presented as one of the reasons for dispensing with security on appeals from decrees of courts of equity, directing the payment of the .demand de bonis propriis of the executor; Shearman adm’r v. Christian, 1 Rand. 393. Yet I am persuaded that the only tenable ground on which security can be dispensed with, is that taken in Sadler’s ex’ors v. Green. However wise it might be to dispense with security in the case of executors, where their executorial bond cannot be resorted to, yet it must be admitted, that the legislative authority has allowed no such dispensation ; and if so, this court cannot. As a test of this, let it be asked, whether, in á case where an exe *307 cutor lias given no security in his executorial-bond, this court would allow an appeal without security? I apprehend not. The true and only ground of the decision, therefore, must be that the executor having given security already in his executor’s bond, the requisitions of the statute are substantially fulfilled. It may be doubted, indeed, how far there is a just foundation for the apprehension, that estates will be left undefended, where the executor is required to give security on an appeal from a judgment against himself personally. He has, in truth, in such a case, every motive for appealing, because by the character of the judgment it is made his own case. He does not appeal to save the estate, but to protect himself. It was asked, however, how the case of a judgment at law is to be distinguished from that of a decree in equity, in which it has been decided, that an executor shall not be required to give security on an appeal, though the decree is de bonis propriis, if it appears that the demand was against the estate of the testator. I answer that, in the case of the judgment, no action for a devastavit lies, because there has been no judgment against the estate, and the very foundation of the action is wanting. But in equity, it is otherwise. That court enforces by its own process, the creditor’s demand against the sureties in the executor’s bond, in case the amount of the decree against the principal cannot be made. In Shearman adm’r v. Christian, for instance, though the decree was de bonis propriis, yet if the administrator Shearman had proved insolvent, his sureties would have been made parties defendant, and the court looking to the real character of the case,—seeing that it was in reality against the estate and only rendered against the administrator personally because it had been found that he had assets of his testator sufficient to pay the debt,—would subject the sureties to the payment of the demand. The difference is, then, that at law, where the judgment is against the *308 executor and not against the estate, the .sureties cannot be reached; whereas in equity, though the decree is de bonis propriis 'they may be reached, provided the demand is against the estate, and the decree is rendered personally, only because it appears he has assets to pay the debt. Upon the whole, I am of opinion, that the circuit court rightly dismissed the appeal allowed by the county court; the motion for dismissal having been made at the term to which the appeal was taken.
We come, then, to examine the refusal to allow a supersedeas. In this I think the circuit court erred, notwithstanding the existence of the ineffectual appeal; Day v. Picket, 4 Munf. 104. though no petition, and certificate of counsel, appear in the record. It does not appear, that the supersedeas was refused for want of such petition and certificate; and though they might have been required, yet they might have been dispensed with, as they are not made prerequisites by the statute: for I take it, if on motion in court, the court looks into the record, and sees that there is error, a supersedeas ought to be awarded, since the certificate of the coun- - sel surely could not have more weight than the opinion of the judge. If, indeed, it was rejected for want of a petition, or even if it did not appear that the court went into an examination of the case, thez’e might be much reason to doubt,,whether this court could properly attribute error to the inferiour tribunal. But in this case, the motion was made in open court, and on hearing the parties by their attorneys, it was overruled; The court, then, must have examined the record; the counsel must have assigned the errors; and thus, every pui'pose of a petition and certificate have been accomplished. Ought the circuit court to have granted the supersedeas ? That the personal judgmezzt against the executor was wrong, is clear. Moreover, if the plea rejected by the county court, was a proper plea, and a plea to the merits, it ought to have been received; since *309 the cause having been continued, it had not the effect of creating delay. Downman v. Downman, 1 Wash. 26. Chisholm v. Anthony, 1 Hen. & Munf. 27. Tomlin’s adm’r v. Howe’s adm’r, Gilm. 1.
We are brought then to the inquiry, whether this was a good plea in bar of the plaintiff’s action ? In deciding this question, we are confined to the declaration and plea, and can have no reference to the facts disclosed in the other part of the pleadings, or to the loose statement in the bill of exceptions. The declaration charges the appellant as executor of Pugh, in the usual form in assumpsit, and the plea is, that the defendant never qualified or was the executor of Pugh in Virginia. In England, the plea of ne ungues executor alleges, that the defendant never was executor, and never administered any goods and chattels of the deceased. But in Virginia, as the executor cannot prosecute an action to judgment before probat, and as, I apprehend, he is not liable to be sued except as executor de son tort, until he has qualified, it is peculiarly proper, that the plea should deny a qualification; for in doing so, it effectually negatives the supposed character of executor'. This, then, seems to me substantially' a plea of never executor. It could not be questioned, but for the superadded words “in Virginia,” which seem at first to be pregnant with the affirmative, that the defendant had qualified or was executor elsewhere. Upon reflection, however, I am of opinion, that we cannot so interpret them, nor would the idea have suggested itself, but for the fact disclosed elsewhere by the record, that the defendant was a North Carolina executor and a resident of that state. Talcing the plea, then, to be good, it ought to have been received, and the plaintiff might either have replied as in case of a,n executor de son tort, or ho might have set forth that the defendant was appointed executor by the will in North Carolina, and had qualified there, and administered the assets. A demur *310 rer to this replication would have fairly presented the . _. . . , , „ . question so ably argued at the bar, whether a foreign executor, who comes into Virginia, can be sued here. Upon this interesting question, I shall not at this time, 0jper a definitive opinion, as it is not required by the present state of the pleadings. I shall only say that I incline to think the action may well lie, and shall refer to the following authorities as bearing upon the question: Bryan v. M’Gee adm’r, 2 Wash. C. C. R. 337. Swearingen’s ex’or v. Pendleton’s ex’or, 1 Serg. & Rawle 389. Evans’s adm’x v. Tatem, 9 Id. 252. Selectmen of Boston v. Boylston, 2 Mass. Rep. 384. Goodwin v. Jones, 3 Id. 514. Borden v. Borden, 5 Id. 77. Dawes v. Head, 3 Pick. 128. Harvey v. Richards, 1 Mason 408. 2 Kent’s Comm. 348. Dowdale’s case, 6 Co. 46. b.
It is unnecessary to say any thing on another point made in the argument; the propriety of the order of the county court, setting aside the order of a former term granting a new trial. The payment of costs, however, was properly held a condition precedent of the new trial, according to Rixey v. Ward, 3 Rand. 52.
I think the order of the circuit court refusing the supersedeas, should be reversed, and a judgment awarding the supersedeas entered here, according to the form in Mayo v. Clarke, October 1800, reported 2 Call 389.
After these opinions had been delivered by the judges, it was discovered, that the order of this court allowing the supersedeas to the judgment of the circuit court, had no reference to the second order of the circuit court refusing the supersedeas prayed to the judgment of the county court. Whereupon, the court entered judgment, affirming the order of the circuit court dismissing the appeal allowed by the county court, without more.
And then Johnson moved, that this court should now award a supersedeas to the other order. He said, that Pugh’s executor having in his petition to this court *311 prayed a supersedeas to that order, as well as to the order dismissing the appeal, he was entitled to have the judgment of this court, allowing or rejecting that prayer of his petition; and as it now appeared by the order of this court, that it had given no judgment on that point, the petitioner. had a right to demand such judgment now.
Stanard earnestly resisted this motion, on the ground, chiefly, that as more than five years had elapsed since the date of the order of the circuit court, the application for a supersedeas was barred by the statute of limitations, 1 Rev. Code, ch. 128. § 19. p. 492.
Cabell, J.
When this cause came on to be heard a few days ago, in the regular course of the docket, it was argued at the bar, as if a supersedeas had been allowed by this court to both orders of the circuit court; and the court pronounced a decision accordingly, affirming the order dismissing the appeal, and reversing the order refusing the supersedeas. It was not until after this decision, that we discovered that no supersedeas had been awarded to the latter order. The court, of course, remodeled its decision,'and confined it to an affirmance of the order disinissing the appeal. And now, the executor of Pugh applies to the court, to grant him, on his petition formerly presented, a supersedeas to the order of the circuit court refusing a supersedeas to the judgment of the county court.
The application is resisted as being barred by the statute, which provides, that “ no writ of error or supersedeas shall be granted to any judgment of a court of law, after the expiration of five years from the time when such judgment shall have been made final.” 1 readily admit, that the order of the circuit court, must be considered as final, from the time when it was made. .But I am of opinion, nevertheless, that it is not too late, under the circumstances of this case, to grant a supersedeas to that order.
*312 Every person against whom a judgment has been rendered by a county court, has a right to apply to the circuit court of the county, for a writ of error or super- . , sedeas, to that judgment; and xf that couxt x'efuse the application, he has a right to apply to this court for a writ of error or supersedeas to that refusal; and when such application shall be made, it becomes the duty of this court to express its judgment upoxx it. The application of Pugh's executor, in this case, was xnade to this court, within the time and in the manner prescribed by law. It is no objection to that application, that it asked for two writs of supersedeas, ixx one petition. And although both of the orders of the circuit court, from which the petitioner sought relief, had refex’ence to oxxe and the same judgment of the county court, yet these orders themselves were essentially separate and distinct in their character and operation. The oxxe dismissed an appeal previously graxxted; the other refused a supersedeas thexx for the first time asked. The application of the executor for relief, was not in the alternative, but against both orders; and he was exxtitled to the judgment of this court upon both. But that judgmeixt has passed on one only. It was said, that the grant of a supersedeas to one of the orders, was an implied rejection of a supersedeas to the other, although there was no express declaration on the subject. But it can hax'dly be contended, that this is a xxecessary implication; for, it may have proceeded froxn inadvertexxce on the part of the court, or from the misapprehension or misprision of the clerk. That the omission proceeded from one of these causes, is proved, I think, by the ixxtex*nal evidence of the case itself. It is well known, that on applications for writs of error or supersedeas, the court does not examine the x-ecord with that strict attexxtion which usually precedes a final decisioxx of the cause. We look no farther thaxx to be satisfied, .that there is reasonable ground to doubt the correctness of the judgment. It is *313 very unusual for one and the same petition to contain a prayer for two several writs of supersedeas. That, however, was the case in this instance; and, what is still more remarkable, the ultimate object of both writs prayed for, was relief against one and the same judgment of the county court. I think it extremely probable, therefore, that when the court satisfied itself that a supersedeas ought to be awarded to the order dismissing the appeal because no security had been taken, it failed, through mere inadvertence, to attend to the other part of the petition. For, if the court had thought that a supersedeas should be allowed to only one of the two orders, admitting both to be erroneous, it would, I should think, have granted it to that one of them which is most manifestly erroneous. Now, it cannot be denied, that, even on a superficial examination, the order of the circuit court refusing a supersedeas, was much more clearly erroneous, than the order dismissing the appeal. „ This will not be doubted after the late decision in this case, that the first order was correct, and the last erroneous. When, therefore, this court, in acting on the petition of the executor formerly presented, and praying a supersedeas to both orders, granted the supersedeas to the first order, and said nothing as to the last, I think we may fairly presume, that the omission proceeded from mere inadvertence, and not from an intention to deny the supersedeas. Then, if there has been no decision of the court, on that part of the prayer of the petitioner, the question recurs, whether it is now too late for the court to act upon it, and to grant the supersedeas.
In Overstreet v. Marshall, 3 Call 192. this court decided, notwithstanding the strong words of the' statute, that although the supersedeas did not issue until after five years, yet it was in time, because the order of the judge awarding it, was within five years. I am of opinion, that the principle of that case applies to this; that this case presents even a stronger claim to exemption *314 from the bar of the statute. In that case, the delay after five years, was the delay of the party himself in giving the bond: in the case before us, the party did all that he could do; he presented his petition in due time and form ,* and the court has delayed to act upon it, until the five years have expired. If the delay of the party, in a case hire Overstreet v. Marshall, is not held fatal, still less ought the delay of the court, in a case like the one before us.
Therefore, I am of opinion to award a supersedeas to the order of the circuit court refusing a supersedeas to the judgment of the county court. And I am gratified that I am able to do so, consistently with what I deem to be the law; for, if w;e had not the power to award the supersedeas, there would be a great defect of justice. The judgment of the county court is most manifestly erroneous; and if we do not relieve against it, no other power can; for as the supersedeas has been already re-: fused by the circuit court, that could not revoke its own ordér.
Carr and Brooke, J. concurred.