### JOHNSON, Adm'x. Etc. v. DuVAL, Adm'r. Etc.

APPEALS—*When not taken in time.*—An appeal, not taken in the manner and within the time prescribed by law, will be dismissed for want of jurisdiction.

SAME—*When time may be extended.*—The court, in the exercise of its sound discretion, may extend the time for filing the papers on appeal, by a proper showing, on the part of the appellant, that the delay was not owing to laches. on his part; that due diligence has been used, and that he has been prevented by means and circumstances over which he had no control.

SAME—*When taken by Executors, etc.*—Executors and administrators, appealing from judgments rendered against the goods of their testator or intestate, are not required to file the bond and security as in other cases provided, but they will be held to file the affidavit, for appeal, required by the statute.

APPEAL FROM SEBASTIAN CIRCUIT COURT.

HON. T. H. BARNES, *Special Circuit Judge.*

*Walker & Rogers,* for Appellant.
*Rose & Green* and *Ben. T. DuVal,* for Appellee.

BENNETT, J.—This suit was originally brought in the Probate Court by the appellee against the appellant. On the 9th day of May, 1871, an appeal was granted to the Circuit Court, but the papers in the case were not filed until the 4th day of November, 1871.

At the next succeeding term of the Circuit Court, held in April, 1872, the appellee filed a motion to dismiss the appeal. Upon the hearing of the motion it was sustained by the court, and the cause dismissed. The appellant asked for a re-hearing, which was also overruled. From this order of dismissal an appeal to this court has been granted. The appellee now files a motion to dismiss the appeal from this court; because, as the Circuit Court acquired no jurisdiction, this court can have none on appeal.

The jurisdiction of the Circuit Court, in this case, depended solely upon the fact, as to whether the appellant had taken her appeal in the manner and within the time prescribed by law.

Section 2 of an act of the General Assembly, approved March 16, 1871, says: "Appeals may be taken from said Probate Courts to the Circuit Courts, but shall be taken without bills of exceptions, and in the manner and within the time that appeals are now taken from Justices' Courts; that is to say, the party appealing shall produce, within sixty days, after the rendition of the judgment, to the clerk of the Circuit Court, a certified copy of the judgment and amount of costs, and cause to be executed, before said clerk, by one or more sufficient sureties, to be approved by the clerk, a bond to the effect that the appellant will satisfy and perform the judgment that shall be rendered upon the appeal; whereupon, the clerk shall issue a mandate to the judge rendering the judgment or decree, as the case may be, notifying him that an appeal has been taken in the cause, and to stay all further proceedings on the same, and to transmit, to the office of said clerk, all the original papers therein, and the appellee shall be actually or constructively summoned to appear and defend the appeal." * * * * * Section 3, says: "The party appealing, besides executing the bond, as required by section 2 of this act, shall file with said clerk of the Circuit Court, an affidavit that the appeal is not taken for delay or vexation, but that justice may be done."

Under this law, which was in force at the time of this appeal, there are three main requisites necessary to perfect an appeal from the Probate to the Circuit Court.  1st.  The party appealing shall produce, within sixty days after the rendition of the judgment, a certified copy of the judgment and amount of costs.  2d.  He shall cause to be executed a bond, with securities, to the effect that he will satisfy and perform any judgment that may be rendered against him.  3d.  He shall file with the circuit clerk an affidavit that the appeal was not taken for delay or vexation, but that justice may be done.

From the transcript of this case, we find that neither of these requirements has been done.  On the 9th of May, 1871, the judgment, on the subject matter, was rendered in the Probate Court, and on that day an appeal was granted by the court. The papers, etc., of the cause, were not filed in the office of the circuit clerk until the 4th day of November, 1871, nearly six months after the appeal was granted.  Even if this was the proper mode of procedure to perfect the appeal, it is barred by the lapse of time between the day of the rendition of the judgment and the day of filing the papers in the Circuit Court, and the court could properly dismiss the appeal upon that ground alone, unless the court, in the exercise of its discretion, should extend the time, by the appellant showing she had used reasonable diligence on her part, or that the delay was not caused by her own laches, and by means or circumstances over which she had no control.

Neither was a bond filed in this case; but was it necessary? Notwithstanding the broad language of the act which requires from *parties* applying for appeals, that they should give bond and security to pay the amount of the recovery and cost awarded, in case the judgment should be affirmed, these terms, we think, cannot be regarded as applying to executors or administrators, when they are appealing from judgments rendered against the goods of the testator or intestate.

There have been various reasons assigned for construing such cases to be exceptions of the statute.  It has been said

that they are not bound to give security on an appeal, because they gave it when they undertook the administration of the estate; and that such bond and security would make the debt their own, and that such bond and security from executors and administrators, on appeals from judgments or decrees found upon a demand against the testator, would frequently prevent them from seeking relief against an erroneous judgment or decree, which, however ruinous to the estate, might not affect his individual interests. These are the reasons given: 1 *Lomax on Executions*, 541, *and McCauley vs. Griffin*, 4 *Grat.* 9; *Shannon vs. Christian*, 1 *Rand.*, 393; *Sadler vs. Gun*, 1 *Hen. & Munf.*, 26, all of which were construing a statute in Virginia somewhat similar to the one now under consideration. And we believe them to be sufficient to warrant us in saying, that executors or administrators, under official bonds, as such, are not required to give the bond required in section 2 of the act approved March 16, 1871.

No affidavit was filed, as required by the statute. This is a prerequisite which has not been waived or dispensed with. No reason can be urged why an executor or administrator should not say, under oath, that he desires to appeal that justice may be done and not for delay or vexation.

The case, we think, was properly dismissed, in the court below, for want of jurisdiction. The Circuit Court having no jurisdiction, we can acquire none on appeal. The motion to dismiss is sustained, and the cause ordered to be stricken from the docket.